ANDERSON'S AD-
MINISTRATOR
vs
IRVINE.

DEBT.

*Case* 105.

June 20.

The case stated.

Question for decision.

## Anderson's Administrator *vs* Irvine.

APPEAL FROM THE FAYETTE CIRCUIT.

*Witness.      Administrators and Executors.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is an appeal from a judgment in favor of David Irvine against Boyle, administrator of Anderson, on the prior indorsement of a bill of exchange, by his intestate. The suit was first instituted against W. C. Goodloe *et al.* as the administrators of Anderson, who were afterwards removed and J. T. Boyle appointed administrator *de bonis non*, against whom the suit was revived as authorized by the statute of 1842, (3 *Stat. Laws*, 9–10.)

On the trial W. C. Goodloe was offered as a witness on behalf of Anderson's estate, and asked to give evidence which went to defeat the recovery on the bill. He was objected to and excluded on the sole ground that he had been an administrator of the estate, and was interested in defeating the recovery, as the means of rescuing

himself from responsibility in a suit for a devastavit. There was no evidence that that there were not sufficient assets in the hands of Boyle, to pay the debt if recovered, nor that any assets had come to the hands of Goodloe, the removed administrator, or if any had, that he and his co-administrators had not faithfully administered or delivered over the same to their successor. In the absence of all such proof, or the slightest evidence of defalcation on the part of Goodloe, we think the alledged interest was too remote, contingent, and uncertain to justify his exclusion as a witness, and especially under the more liberal modern practice, which in all doubtful cases, permits the objection to go to the credit rather than to the competency of witnesses.

It is the duty of the party who objects to a witness on the ground of interest, to establish the interest to the satisfaction of the Court. To render Goodloe incompetent on this issue, on the ground of interest, we are left first to presume that the assets in the hands of Boyle are insufficient to pay the debt of Irvine, in case of a recovery, which presumption is repelled by the abandonment of the suit against the former administrators, and the revivor of the suit against Boyle. For we have no doubt, that if they had pleaded their removal, that the plaintiff might have replied that assets had come to their hands before their removal, and they had been guilty of a devastavit; if such had been the fact, and the implication would have been a good response to the plea, and entitled the plaintiff to progress with the proceedings against them. The statute authorizing a revivor of the suit against the successor, in such a case, is only cumulative, and may be resorted to or not, at the discretion of the plaintiff. Secondly, We must further presume, against the implication arising from the abandonment of the proceedings against the removed administrators, and revivor of the suit against Boyle, that assets had come to the hands of the former and they had, in violation of their oath and duty, unfaithfully administered the same, and thereby subjected themselves to an action for a devastavit, or for negligence in failing to collect the assets. These presumptions are not indulged against other fiduciaries, trus-

*Margin notes:*

ANDERSON'S ADMINISTRATOR
vs
IRVINE.

It is incumbent upon a party objecting to the competency of a witness, to show his incompetency. The Court will not presume that an administrator who was sued, has been removed and the suit revived against his successor, has committed a devastavit and rendered himself an incompetent witness for the administrator defendant without proof.

tees, or agents, as the ground of excluding them as in-competent, on the score of interest, and we can perceive no good reason for indulging the presumption against administrators or executors. We are aware that it was decided by this Court, in the case of *Lampton* vs *Lampton's executor*, (6 *Monroe*, 617,) that an executor, in a suit brought against him by a creditor, was incompetent, on the ground of interest, to give evidence which went to defeat the recovery of the plaintiff, as by defeating the judgment he saved himself from liability to a personal suit against himself for a devastavit. But the executor who was excluded as a witness in that case, was a *party* to the suit, and the judgment rendered against him might be made the *immediate basis* of a suit against him for a devastavit.

In the case before the Court, a judgment rendered against Boyle as administrator *de bonis non*, could not be made the basis of a suit against the removed administrators for a devastavit, as they are not parties to the suit, nor is there any privity between them. Besides, it has been frequently said that a party to a suit at law cannot be examined as a witness, and Lord Hardwicke, in the case of *Man* vs *Ward*, (2 *Atkyns*, 228,) though not necessary to be decided in the case, recognized the rule and said, "that it is very well known *at law* that they are so strict, that no person who is made a *defendant* can possibly be examined as a witness." And it may be well doubted whether the executor in the case of *Lampton* vs *Lampton's executor*, *supra*, might not properly have been excluded on the sole ground of his being a party to the suit, though the Court based his rejection on the ground of interest.

It is conceded that the Court, in the case of Lampton, is sustained by ancient authorities in the rejection of the executor on the ground of interest. In the case of *Fortherby* vs *Pate*, (3 *Atkyns*, 604,) the Lord Chancellor remarks that "the distinction is very well known between an executor in trust and a trustee. A trustee, though he has the legal estate, is considered as having no interest at all in this Court, (a Court of Chancery,) and is examined by order, every day, but a person executor in trust or

A judgment against an adm'r. *de bonis non* cannot be made the basis of a suit for devastavit as former administrator.

administrator in trust, has been determined not to be capable of being examined." But he further remarks that "possibly the reasons of the difference are *pretty nice,* and it is very difficult to *find out any real or solid foundation for it.*"

We think the origin of the difference may be traced to the ancient right of the executor, to take the surplus, and of the administrator to enjoy the estate upon certain contingencies, and their consequent interest in swelling the funds in their hands by defeating the claims of creditors. And the Lord Chancellor himself avers this as the true reason of the difference, in the case of *Maybank* vs *Metcalfe,* (3 *Atkyns,* 96,) in which case he uses this language, "there is an established difference in this Court, between an executor and trustee, for the trustee has the legal right only, and is merely nominal, but the executor has something more in him than the mere legal right, as a bare trustee, for he has a beneficial interest *if there is any surplus.*" If this be the reason of the difference, as executors under our statute, are not entitled to the surplus, nor administrators to any interest in the estate, unless the former be made a legatee or the latter a distributee, and as either, in any event, can only be made liable for the assets which have come to their hands, it would seem that the reason of the difference between them and other trustees ceasing, the difference itself should cease. And that the implication of bad faith, or the commission of a devastavit, should no more be indulged against them, than against other agents or trustees, as the ground of incompetency on the score of interest.

At any rate, in a proceeding against another administrator, as in the case before us, and upon no evidence of defalcation on the part of Goodloe, or want of assets in Boyle, to pay the plaintiff's demand in case of a recovery, or any other ground of objection to the witness than the mere fact that he was once administrator of the estate, was not sufficient to exclude him as incompetent.

The judgment of the Circuit Court is reversed and cause remanded, that a new trial may be granted without the payment of costs.

*Goodloe* for plaintiff: *Robinson & Johnson* for def't.

ANDERSON'S ADMINISTRATOR
*vs*
IRVINE.

Executors and administrato r s, grounds upon which they were formerly incompetent witnesses.