## J. S. PILCHER et al. VS. A. Z. DRENNAN et al.

1. ADMINISTRATOR'S BOND: *Joinder of parties. Sec.* 1180 *of Code of* 1871.
   This statute permits any persons interested in an estate, either as legatees, distributees or creditors, to join in a suit upon the bond of an administrator for a *devastavit.*

2. JUDGMENT AGAINST ADMINISTRATOR DE BONIS NON: *Can be made the basis of a suit against sureties of first administrator.*
   A creditor of an estate, who has recovered judgment against the administrator *de bonis non,* can make this the basis of a suit against the sureties on the bond of the administrator in chief, for a *devastavit* committed by the latter (overruling in part Ruff *v.* Smith, 31 Miss., 59).

3. SAME: *Revivor of judgment.*
   A judgment rendered against an administrator, as such, is a judgment against him in his representative and not in his individual capacity, and need not be revived in the name of his administrator in order to become the basis of a suit against the sureties of the first administrator for a *devastavit.*

ERROR to the Circuit Court of *Attala* County.

Hon. W. B. CUNNINGHAM, Judge.

This was an action on the bond of J. W. Bates as administrator of Jesse Bates, deceased.   J. W. Bates died, and suit was brought against the sureties on his bond as administrator.   The plaintiffs were creditors of Jesse Bates, one of whom had established his claim by judgment against J. W. Bates, administrator, in his life time, and the other had established his, by judgment against Butt, administrator *de bonis non* of Jesse Bates, and they joined in this suit on the bond.

The first declaration was demurred to, and the demurrer sustained.   An amended declaration was filed by leave of court.

This too was demurred to, and three grounds assigned: 1. For misjoinder. 2. Because the judgment against the administrator *de bonis non* could not be the basis of a suit against the sureties on the bond of the administrator in chief; and 3. Because the creditor who had recovered judgment against the administrator in chief had not revived the same against the administrator *de bonis non.*

The demurrer was overruled as to the first ground, and sustained as to the second and third.

*J. A. P. Campbell,* for plaintiff in error, contended :

1. That the doctrine of this court, announced in Ruff *v.* Smith, 31 Miss., 59, is unsound, and to follow that case a creditor who, with all diligence, fails to get a judgment against the administrator in chief before he dies or is removed, is without remedy on the bond of such administrator, although he afterwards reduces his claim to judgment against the only representative of the estate, and insisted that such doctrine was not sound and should be overruled.

2. That in the case at bar, there was no necessity for a revivor of the judgment. A revivor is only necessary where new parties are to be charged, to give them an opportunity to show a discharge of the judgment; that there is no necessity for revivor of a judgment against an administrator *de bonis non,* in order to sue on the bond of an administrator in chief.

[The reporters find no brief in the record for defendant in error.]

CHALMERS, J., delivered the opinion of the court.

Two judgment creditors of the estate of Jesse Bates, deceased, brought a joint suit for a *devastavit* upon the bond of the administrator in chief of the estate. One of them had recovered his judgment against said administrator in chief; the other had recovered against the administrator *de bonis non.* The first ground of demurrer was to the misjoining of the parties plaintiff in one suit. The court below properly overruled the demurrer as to this ground, it being covered by Rev. Code, § 1180.

The second ground of demurrer was sustained, and it presents a more serious difficulty. The question raised by it is, whether a judgment creditor, whose judgment is against an administrator *de bonis non*, can maintain a suit upon the bond of the administrator in chief for a *devastavit* committed by the latter. If he cannot, it is difficult to see what his remedy is. . He has been prevented from obtaining his judgment against the administrator in chief by his death or removal. He is compelled to reduce his claim against the decedent to judgment, before he can invoke the aid of the law to compel its payment. There is no party whom he can sue for this purpose save the administrator *de bonis non*, the existing personal representative of the estate. Having done so, and ripened his claim into judgment, he ascertains that there are not, nor ever have been, any assets in the hands of said representative, but that into the hands of the administrator in chief has passed the entire personalty of the estate, which has been by him squandered. If he cannot pursue this faithless fiduciary, and those who are bound for his default, what is his remedy ? Why should he not be permitted to do so ? It is said that there is no privity between the administrator in chief and the administrator *de bonis non*. True, but the creditor in such a case is not attempting to assert any such privity. On the contrary, his claim is as a creditor of an estate, which has been equally represented by both administrators. By his judgment against the second administrator, he has established no demand against him individually, but only against the estate, of which the first administrator was equally the representative. The judgment is against the estate. The name of the administrator is only used to typify that of which he is in law the representative. The bonds of both administrators have been given to the state of Mississippi for the use of whom it may concern. The parties intended to be protected by it are the heirs, or legatees, and the creditors ; and by creditors are meant not those alone who may transform their debts into judgments during the official life of that particular representative, but all those who hold claims against the estate. A creditor is equally

damnified by a *devastavit*, and, it would seem, should be equally protected by the bond, whether his claim takes the shape of a judgment against either administrator. If this be not so, we are at a loss to perceive the remedy for those creditors who fail to obtain their judgments during the administration of that repre-sentative who has wasted the entire estate. These views seem to us conclusive, but they appear to be in conflict with the decision of our predecessors in Ruff *v.* Smith, 31 Miss., 59. In that case it was held that a creditor who had obtained judgment against the administrator in chief could not maintain suit against the admin-istrator *de bonis non* (just the converse of the case at bar). The decision was rested without argument, save as to the want of privity between the two administrators, on the case of Anderson *v.* Irvine, 5 B. Mon., 488. An examination of this case shows that the re-marks of the Kentucky court, upon which the Mississippi decision was based, was an *obiter dictum*. The only question involved was as to the competency, as a witness, of the administrator in chief in a suit against the administrator *de bonis non*. The court, in reaching the conclusion that he was competent, say : "A judg-ment rendered against Boyle, as administrator *de bonis non*, could not be made the basis of a suit against the former removed ad-ministrator for a *devastavit*, as they are not parties to the suit, nor is there any privity between them." 5 B. Mon., 490.

If by this the court mean to say that a judgment *in personam* against the second administrator for a *devastavit* could not form the basis of a suit against the former administrator, we entirely concur in the remark. As thus understood, it would constitute no warrant for the decision of our own court in Ruff *v.* Smith, *supra*, nor would it affect the case at bar. If, however, the Ken-tucky court means to say that a creditor of the estate of the intes-tate, who has reduced his debt to judgment against the several administrators, is precluded from asserting it against the bond of the first, we dissent from the decision, as well as from that of Ruff *v.* Smith, so far as the latter is based upon this view. It is not a question of privity between the two fiduciaries, but rather

as to whether all creditors of the estate are not equally protected by the bond of both. We see no reason why they are not, nor any principle which forbids any creditor from suing on a bond given to the state for the common use and protection of all.

The case of Ruff *v.* Smith, *supra,* was rested also upon the ground that the judgment against the administrator-in-chief had not been revived against the administrator *de bonis non.* Where the positions are reversed, as in the case at bar, there could be no revival, as the administrator-in-chief must of course cease to be an administrator before the administrator *de bonis non* is appointed.

The second ground of demurrer was therefore improperly sustained.

The third ground of demurrer was, that the creditor who had recovered his judgment against the administrator-in-chief had not revived the same against the administrator of that administrator, although it was shown that said administrator-in-chief was dead before the institution of this suit. The administrator of the administrator-in-chief, and the sureties on the bond of the latter, were made parties defendant to this suit, to establish the *devastavit.* That was all that was necessary. The former judgment had not been rendered against him in his individual, but in his representative capacity. It was not necessary therefore to revive it against his administrator, who had no connection with it. All that was requisite was, that in attacking him personally on the *devastavit,* his personal representative should be made a party. This was done. For the error committed in sustaining this ground of demurrer, as well as in sustaining the second, the case is reversed and remanded. The demurrer is overruled, with leave to defendant to plead upon affidavit of merits and leave of court, as provided by the statute.

Mr. Justice CAMPBELL, having been of counsel, takes no part in this decision.